JAY CLAYTON
United States Attorney for the
Southern District of New York
By: Emily Deininger
Assistant United States Attorney
26 Federal Plaza, 38th Floor
New York, New York 10278
Tel: (212) 637-2472

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

- v. -

$150,572 IN UNITED STATES CURRENCY FORMERLY ON DEPOSIT IN JPMORGAN ACCOUNT NUMBER XXXX0077 HELD IN THE NAME OF SUNSETCAST LLC,

        Defendant-*in-rem*.

**VERIFIED CIVIL COMPLAINT FOR FORFEITURE**

25 Civ. 10003

---

Plaintiff United States of America, by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, for its verified civil complaint, alleges, upon information and belief, as follows:

### I. JURISDICTION AND VENUE

1. This is a civil action *in rem* commenced by the United States of America pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 981(a)(1)(C), seeking the forfeiture of $150,572 in United States currency formerly on deposit in JPMorgan Account Number 729960077 held in the name of Sunsetcast LLC (the "Defendant-*in-rem*").

2. This Court has original jurisdiction over this forfeiture action pursuant to Title 28, United States Code, Sections 1345 and 1355.

3. Venue is proper pursuant to Title 28, United States Code, Section 1395 because the Defendant-*in-rem* is currently held in the Seized Asset Deposit Fund Account of the United States Marshals Service (the "USMS") located within the judicial district for the Southern District of New York. Venue is also proper pursuant to Title 28, United States Code, Section 1355 (b)(1)(A) because the acts and omissions giving rise to the forfeiture took place in the Southern District of New York.

4. As set forth below, there is probable cause to believe that the Defendant-*in-rem* is subject to forfeiture pursuant to (i) Title 18, United States Code, Sections 981(a)(1)(A), 981(a)(1)(C), and 984, as property involved in a money laundering transaction, in violation of Title 18, United States Code, Section 1956; and (ii) as property constituting or derived from proceeds traceable to wire fraud and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1349.

## II. PROBABLE CAUSE FOR FORFEITURE

5. This action arises out of an investigation conducted by the Federal Bureau of Investigation ("FBI") into a conspiracy to defraud victims via business email compromise ("BEC") schemes and to launder the fraudulently acquired funds. One way that a BEC scheme occurs is when someone with payment authority receives a spoofed email containing fraudulent payment instructions, and based on those fraudulent instructions, a payment is made to a bank account or entity controlled by the scheme perpetrators.

6. As a result of the investigation, the Government has learned the following:

a. On or about June 28, 2021, an email account (the "Email Account") of an employee (the "Employee") of a company (the "Business") owned by a private equity holding

company ("Holding Co.") headquartered in New York, New York, was compromised, which enabled unauthorized users to gain access to the Email Account.

   b. On or about June 28, 2021, the unauthorized users used the Email Account to contact the Business's Chief Financial Officer and redirect a payment of approximately $2,008,034.76 from its intended recipient to a Bank of America Account Number ending in -0555, held in the name Rebiga Co. SNC (the "Rebiga Co. Account").

   c. Rebiga Co. SNC was owned by an individual identified as Julian Rebiga ("Rebiga").

   d. On or about July 1, 2021, Holding Co. wired approximately $2,008,034.76 to the Rebiga Co. Account, unaware that it was doing so pursuant to fraudulent wire instructions.

   e. After the funds were transferred to the Rebiga Co. Account, they were forwarded to other accounts controlled by Rebiga, including, *inter alia*, the following transactions:

     i. On or about July 6, 2021, approximately $325,000 in United States currency was wired from the Rebiga Co. Account to a JPMorgan Account ending in -3633, held in the name CNN Logistics LLC, which was controlled by Rebiga (the "JPMC CNN Logistics Account");

     ii. On or about July 6, 2021, an additional approximately $300,000 was wired from the Rebiga Co. Account to the CNN Logistics Account;

     iii. On or about July 6, 2021, approximately $250,000 was wired from the Rebiga Co. Account to a Bank of America Account ending in -8578, held in the name CNN Logistics LLC, which was controlled by Rebiga (the "BOA CNN Logistics Account");

     iv. On or about July 7, 2021, approximately $100,000 was wired from the JPMC CNN Logistics Account to a J.P. Morgan Chase ("JPMC") Account ending in -0077 held in the name of Sunsetcast LLC (the "Subject Account"), which was controlled by Rebiga; and

     v. On or about July 7, 2021, approximately $75,000 was wired from the BOA CNN Logistics Account to the Subject Account.

    f. After JPMC was alerted to the BEC scheme, on or about October 12, 2021, the remaining balance in the Subject Account, specifically, $150,572, i.e., the Defendant Funds, were frozen and moved from the Subject Account to a suspense account controlled by JPMC.

   7. On or about November 12, 2025, the Honorable Robyn F. Tarnofsky, United States Magistrate Judge for the Southern District of New York, issued a seizure warrant, 25 Mag. 3593, authorizing the seizure for all funds up to $150,572 formerly on deposit in the Subject Account. A copy of the Seizure Warrant is attached as Exhibit A and incorporated by reference as set forth fully herein.

   8. On or about November 12, 2025, the Government seized the Defendant-*in-rem*.

### III.  FIRST CLAIM FOR FORFEITURE

**Forfeiture Under 18 U.S.C. § 981(a)(1)(A)**
**(Property Involved in a Transaction or Attempted Transaction in Violation of 18 U.S.C. § 1956 or Property Traceable to Such Property)**

   9. Paragraphs 1 through 8 of this Complaint are repeated and re-alleged as if fully set forth herein.

   10. Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956, 1957, or 1960, or any property traceable to such property, is subject to forfeiture to the United States.

   11. Title 18, United States Code, Section 1956(a)(1) imposes a criminal penalty on any person who:

knowing that the property involved in a financial transaction involves the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . .

    (A)    (i) with the intent to promote the carrying on of specified unlawful activity;

    (B)    knowing that the transaction is designed in whole or in part (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity[.]

12. As defined in 18 U.S.C. § 1956(c)(7), "specified unlawful activity," includes, among other things, racketeering activity as defined in 18 U.S.C. § 1961(1). Section 1961(1) lists, among other things, wire fraud (18 U.S.C. § 1343).

13. Title 18, United States Code, Section 1343 provides, in relevant part, that it is a crime to:

Devise[] or intend[] to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmit[] or cause[] to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

14. By reason of the foregoing the Defendant-*in-rem* is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(A) as property involved in a money laundering transaction or an attempted money laundering transaction, in violation of Title 18, United States Code, Section 1956, or as property traceable to such property

### IV. SECOND CLAIM FOR FORFEITURE

**Forfeiture Under 18 U.S.C. § 981(a)(1)(C)**
**(Property Constituting or Derived from Proceeds Traceable to a Violation of 18 U.S.C. § 1343, or Property Traceable to Such Property)**

15. Paragraphs 1 through 8 of this Complaint are repeated and re-alleged as if fully set forth herein.

16. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), any

property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" as defined in Section 1956(c)(7) of this title, or a conspiracy to commit such offense, is subject to forfeiture to the United States.

17. As set forth above in paragraph 12, "specified unlawful activity" pursuant to Section 1956(c)(7) include wire fraud, in violation of 18 U.S.C. § 1343.

18. By reason of the foregoing the Defendant-*in-rem* is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) as property constituting or derived from proceeds traceable to a violation of Title 18, United States Code, Sections 1343 and 1349, or as property traceable to such property.

## V. CONCLUSION

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant-*in-rem* and that all persons having an interest in the Defendant-*in-rem* be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant-*in-rem* to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
December 2, 2025

JAY CLAYTON
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff
United States of America

By: _____
Emily Deininger
Assistant United States Attorney
Tel: (212) 637-2472

## DECLARATION OF VERIFICATION

Lawrence P. Lonergan, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury that he is a Special Agent with the Federal Bureau of Investigation; that he has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to the best of his knowledge, information and belief; and that the sources of his information and the grounds of his belief are his personal involvement in the investigation, and conversations with and documents prepared by law enforcement officers and others.

Executed on December 2, 2025

_____
Lawrence P. Lonergan
Special Agent
Federal Bureau of Investigation